IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIK GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | Case No. |
| TEXAS PROPERTIES KHOURY & TURK, LLC | ) | |
| and HOUSTON FOODS, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, ERIK GARCIA, by and through the undersigned counsel, and files this, his Complaint against Defendants, TEXAS PROPERTIES KHOURY & TURK, LLC and HOUSTON FOODS, INC., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff, ERIK GARCIA (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in

1

performing one or more major life activities, including but not limited to: walking and standing.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property within six months after it is accessible ("Advocacy Purposes").

7.      Defendant, TEXAS PROPERTIES KHOURY & TURK, LLC (hereinafter "TEXAS PROPERTIES KHOURY & TURK, LLC"), is a Texas limited liability company that transacts business in the State of Texas and within this judicial district.

8.      Defendant, TEXAS PROPERTIES KHOURY & TURK, LLC, may be properly served with process for service via its registered agent, to wit:  c/o United States Corporation Agents, Inc., 9900 Spectrum Drive, Austin, TX  78717.

9.      Defendant, HOUSTON FOODS, INC. (hereinafter "HOUSTON FOODS, INC.") is a Texas company that transacts in the State of Texas and within this judicial district.

10.     Defendant, HOUSTON FOODS, INC., may be properly served with process for service via its registered agent, to wit:  Shoukat Dhanani, Registered Agent, 4415 Highway 6, Sugar Land, TX  77478.

## FACTUAL ALLEGATIONS

11.     On or about May 12, 2021, Plaintiff was a customer at "Burger King" a business located at 1102 Highway 146 South, La Porte, TX  77571, referenced herein as "Burger King". Attached is a receipt documenting Plaintiff's purchase.  *See* Exhibit 1.  Also attached is a photograph documenting Plaintiff's visit to the Property. *See* Exhibit 2.

12.     Plaintiff lives 9 miles from the Property.

13.     Given the close vicinity of the Property to the Plaintiff's residence and due to the fact the Property is directly adjacent to a main highway, Plaintiff routinely drives by the Property.

14.     **PRESUIT NOTICE:** On May 20, 2021, Plaintiff mailed via email to Defendant, TEXAS PROPERTIES KHOURY & TURK, LLC's counsel, Steven Leyh, a pre-suit notice of the violations, a copy of the Complaint and a proposed settlement agreement, including his intent to file this lawsuit if a settlement could not be reached to resolve the claim prior to filing this Complaint.

15.     **PRESUIT NOTICE:** As a result of the presuit notice sent on May 20, 2021, Defendant, TEXAS PROPERTIES KHOURY & TURK, LLC contacted counsel for Defendant HOUSTON FOODS, INC. and informed them of the potential future lawsuit.  Counsel for HOUSTON FOODS, INC., Robert Purgatorio and Plaintiff's counsel engaged in settlement negotiations via email and telephone.  However, as of the date of filing, no progress was made to settle the case presuit.

16.     Defendant, TEXAS PROPERTIES KHOURY & TURK, LLC, is the owner or co-owner of the real property and improvements that Burger King is situated upon and that is the subject of this action, referenced herein as the "Property."

3

17.     Defendant, HOUSTON FOODS, INC., is the lessee or sub-lessee of the real property and improvements that are the subject of this action.

18.     Plaintiff's access to the business(es) located 1102 Highway 146 South, La Porte, TX   77571, Harris County Property Appraiser's account number 0241820980004 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendants, TEXAS PROPERTIES KHOURY & TURK, LLC and HOUSTON FOODS, INC., are compelled to remove the physical barriers to access and correct the ADA violations that exist at the Property, including those set forth in this Complaint.

19.     Defendants, TEXAS PROPERTIES KHOURY & TURK, LLC and HOUSTON FOODS, INC., are responsible for complying with the ADA for both the exterior portions and interior portions of the Property.  Even if there is a lease between Defendant, TEXAS PROPERTIES KHOURY & TURK, LLC, and the tenant allocating responsibilities for ADA compliance within the unit the tenant operates, that lease is only between the property owner and the tenant and does not abrogate the Defendant's requirement to comply with the ADA for the entire Property it owns, including the interior portions of the Property which are public accommodations.  *See* 28 CFR § 36.201(b).

20.     Plaintiff has visited the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting the Property within six months after the barriers to access detailed in this Complaint are removed and the Property is accessible again.  The purpose of the revisit is to be a return customer, to determine if and when the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

4

21.     Plaintiff intends on revisiting the Property to purchase goods and/or services as a return customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

22.     Plaintiff travelled to the Property as a customer and as an independent advocate for the disabled, personally encountered many barriers to access the Property that are detailed in this Complaint, engaged many barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury if all the illegal barriers to access present at the Property identified in this Complaint are not removed.

23.     Although Plaintiff did not personally encounter each and every barrier to access identified in Plaintiff's Complaint, Plaintiff became aware of all identified barriers prior to filing the Complaint and because Plaintiff intends on revisiting the Property as a customer and advocate for the disabled within six months or sooner after the barriers to access are removed, it is likely that despite not actually encountering a particular barrier to access on one visit, Plaintiff may encounter a different barrier to access identified in the complaint in a subsequent visit as, for example, one accessible parking space may not be available and he would need to use an alternative accessible parking space in the future on his subsequent visit.  As such, all barriers to access identified in the Complaint must be removed in order to ensure Plaintiff will not be exposed to barriers to access and legally protected injury.

24.     Plaintiff's inability to fully access the Property and the stores within in a safe manner and in a manner which inhibits the free and equal enjoyment of the goods and services offered at the Property, both now and into the foreseeable future, constitutes an injury in fact as

recognized by Congress and is historically viewed by Federal Courts as an injury in fact.

<u>COUNT I</u>
<u>VIOLATIONS OF THE ADA AND ADAAG</u>

25.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42

U.S.C. § 12101 *et seq.*

26.     Congress found, among other things, that:

(i)      some 43,000,000 Americans have one or more physical or mental
         disabilities, and this number is increasing as the population as a whole is
         growing older;

(ii)     historically, society has tended to isolate and segregate individuals with
         disabilities, and, despite some improvements, such forms of discrimination
         against individuals with disabilities continue to be a serious and pervasive
         social problem;

(iii)    discrimination against individuals with disabilities persists in such critical
         areas as employment, housing public accommodations, education,
         transportation, communication, recreation, institutionalization, health
         services, voting, and access to public services;

(iv)     individuals with disabilities continually encounter various forms of
         discrimination, including outright intentional exclusion, the discriminatory
         effects of architectural, transportation, and communication barriers,
         overprotective rules and policies, failure to make modifications to existing
         facilities and practices, exclusionary qualification standards and criteria,
         segregation, and relegation to lesser service, programs, activities, benefits,
         jobs, or other opportunities; and

(v)      the continuing existence of unfair and unnecessary discrimination and
         prejudice denies people with disabilities the opportunity to compete on an
         equal basis and to pursue those opportunities for which our free society is
         justifiably famous, and costs the United States billions of dollars in
         unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

27.     Congress explicitly stated that the purpose of the ADA was to:

(i)      provide a clear and comprehensive national mandate for the elimination of
         discrimination against individuals with disabilities;

> (ii)   provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and
>
> * * * * *
>
> (iv)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

28.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

29.    The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

30.    The Property is a public accommodation and service establishment.

31.    Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

32.    Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

33.    The Property must be, but is not, in compliance with the ADA and ADAAG.

34.    The Property is comprised of multiple buildings served by a single parking lot. All of the buildings on the Property are public accommodations.

35.    Plaintiff has attempted to, and has to the extent possible, accessed the Property in his capacity as a customer at the Property as well as an independent advocate for the disabled,

but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

36.     Plaintiff intends to visit the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

37.     Defendants, TEXAS PROPERTIES KHOURY & TURK, LLC and HOUSTON FOODS, INC., have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

38.     Defendants, TEXAS PROPERTIES KHOURY & TURK, LLC and HOUSTON FOODS, INC., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, TEXAS PROPERTIES KHOURY & TURK, LLC and HOUSTON FOODS, INC., are compelled to remove all physical barriers that exist at the Property, including those specifically set forth herein, and make the Property accessible to and usable by Plaintiff

and other persons with disabilities.

39.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed, or was made aware of prior to the filing of this Complaint, that precluded and/or limited Plaintiff's access to the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i)     For each of the two access aisles, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property as the van may rest upon the ramp and create an unlevel surface for Plaintiff to exit and enter their vehicle.

(ii)    For each of the two access aisles, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards.  This barrier to access would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property as the van may rest upon the ramp and create an unlevel surface for Plaintiff to exit and enter their vehicle.

(iii)   The Property has an accessible ramp leading from the accessible parking space to the accessible entrances with a slope exceeding 1:12 in violation of Section 405.2 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access the units of the Property because when ramps

are too steep (more than 1:12) it requires too much physical arm strain to wheel up the ramp and increases the likelihood of the wheelchair falling backwards and Plaintiff being injured.

(iv)    The accessible ramp side flares have a slope in excess of 1:10 in violation of Section 406.3 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access the units of the Property because steep slopes on ramp side flares could cause the wheelchair to tip over and injure Plaintiff.

(v)     Both accessible parking spaces are missing identification signs in violation of Section 502.6 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to locate an accessible parking space.

(vi)    There is an excessive vertical rise of about an inch at the base of the accessible ramp closest to the accessible entrance, in violation of Sections 303.2 and 405.4 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access public features of the Property when using this accessible ramp as vertical rises on ramps are particularly dangerous as the surface of the ramp is already at a significant slope which increases the likelihood of the wheelchair to tip over due to the vertical rise.

(vii)   Due to a policy of having parking stops that are not set back far enough from the curb, for the parking spaces directly in front of the exterior access route, cars routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route causing the exterior access route to routinely have clear widths below the minimum thirty-six (36") inch requirement specified by Section 403.5.1

of the 2010 ADAAG Standards. This barrier to access would make it dangerous and difficult for Plaintiff to access exterior public features of the Property as there is not enough clear width for Plaintiff's wheelchair.

(viii)   Due to a policy of having parking stops that are not set back far enough from the curb, for the parking spaces directly in front of the exterior access route, cars routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route as a result, in violation of Section 502.7 of the 2010 ADAAG Standards, parking spaces are not properly designed so that parked cars and vans cannot obstruct the required clear width of adjacent accessible routes. This barrier to access would make it dangerous and difficult for Plaintiff to access exterior public features of the Property as there is not enough clear width for Plaintiff's wheelchair.

(ix)   Due to a policy of placing large trashcans in the accessible route, there are publicly accessible areas of the Property having accessible routes with clear widths below the minimum 36 (thirty-six) inch requirement as required by Section 403.5.1 of the 2010 ADAAG standards. This barrier to access would make it dangerous and difficult for Plaintiff to access exterior public features of the Property as there is not enough clear width for Plaintiff's wheelchair.

(x)   Due to the barriers to access identified in (vii), (viii) and (ix) above, the Property lacks an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in violation of Section 206.2.2 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access public features of the Property.

(xi)     There is not at least 5% (five percent) of the exterior dining surfaces provided for consumption of food or drink that comply with Section 902.2 of the 2010 ADAAG standards, requiring appropriate knee and toe clearance complying with Section 306 of the 2010 ADAAG standards, positioned for a forward approach, in violation of Section 226.1 of the 2010 ADAAG standards.

(xii)    Defendant fails to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**RESTROOMS**

(i)      The actionable mechanism of the paper towel dispenser in the restroom is located above 48 inches from the finished floor which is outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to reach the actionable mechanism of the paper towel dispenser as individuals in wheelchairs are seated and have significantly less reach range than individuals who stand up.

(ii)     The hand operated flush control is not located on the open side of the accessible toilet in violation of Section 604.6 of the 2010 ADAAG standards. This barrier to access would make it difficult for Plaintiff and/or any disabled individual to flush the toilet as the location of the flush control on the open side is significantly easier to reach than when it is positioned on the closed side.

40.     The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Property.

41.     Plaintiff requires an inspection of the Property in order to determine all of the

discriminatory conditions present at the Property in violation of the ADA.

42.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

43.      All of the violations alleged herein are readily achievable to modify to the Property into compliance with the ADA.

44.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because the nature and cost of the modifications are relatively low.

45.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendants, TEXAS PROPERTIES KHOURY & TURK, LLC and HOUSTON FOODS, INC., have the financial resources to make the necessary modifications.   According to the Property Appraiser, the Appraised value of the Property is $487,991.00.

46.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Property is readily achievable because Defendant HOUSTON FOODS, INC. owns dozens of fast food restaurants in the Houston area.

47.     The removal of the physical barriers and dangerous conditions present at the Property is also readily achievable because Defendant has available to it a $5,000.00 tax credit and up to a $15,000.00 tax deduction from the IRS for spending money on accessibility modifications.

48.     Upon information and good faith belief, the Property has been altered since 2010.

49.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG

standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

50.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, TEXAS PROPERTIES KHOURY & TURK, LLC and HOUSTON FOODS, INC., are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Property, including those alleged herein.

51.     Plaintiff's requested relief serves the public interest.

52.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, TEXAS PROPERTIES KHOURY & TURK, LLC and HOUSTON FOODS, INC..

53.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, TEXAS PROPERTIES KHOURY & TURK, LLC and HOUSTON FOODS, INC., pursuant to 42 U.S.C. §§ 12188 and 12205.

54.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, TEXAS PROPERTIES KHOURY & TURK, LLC and HOUSTON FOODS, INC., to modify the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendants, TEXAS PROPERTIES KHOURY & TURK, LLC and HOUSTON FOODS, INC., in violation of the ADA and ADAAG;

(b)     That the Court issue a permanent injunction enjoining Defendants, TEXAS PROPERTIES KHOURY & TURK, LLC and HOUSTON FOODS, INC., from

continuing their discriminatory practices;

(c)     That the Court issue an Order requiring Defendants, TEXAS PROPERTIES KHOURY & TURK, LLC and HOUSTON FOODS, INC., to (i) remove the physical barriers to access and (ii) alter the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e)     That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: October 25, 2021.

Respectfully submitted,

/s/ Douglas S. Schapiro
Douglas S. Schapiro, Esq.
Southern District of Texas ID No. 3182479
The Schapiro Law Group, P.L
7301-A W. Palmetto Park Rd., #100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com